IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CR-396-FL-1
No. 5:16-CV-493-FL

| | | |
|---|---|---|
| ANDRICK KENTAY JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 57), which challenges petitioner's sentence in light of the Supreme Court's ruling in Johnson v. United States, 135 S. Ct. 2551 (2015). The issues raised are ripe for ruling.[1] For the reasons that follow, the court denies petitioner's motion to vacate.

## BACKGROUND

On November 4, 2013, pursuant to a written plea agreement, petitioner pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On April 1, 2014, the court sentenced petitioner to 115 months' imprisonment. Petitioner appealed his judgment. The Fourth Circuit Court of Appeals affirmed in part and dismissed in part.

On June 23, 2016, petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255, arguing that his base offense level was improperly enhanced after Johnson. On August 2, 2016, the court stayed this case pending the Supreme Court's final decision in Beckles v. United States, 15-

---

[1] This § 2255 matter and underlying criminal case were reassigned to the undersigned district judge upon retirement of the district judge who presided over petitioner's original judgment of conviction and sentencing.

8544. On April 7, 2017, the court lifted the stay and ordered petitioner to show cause why his § 2255 motion should not be dismissed in light of Beckles v. United States, 137 S. Ct. 886 (2017). Petitioner failed to respond, and the time for doing so has passed.

## COURT'S DISCUSSION

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.  Analysis

In his sole claim, petitioner argues that his sentence is unconstitutional. Mot. Vacate (DE 57) at 4. In particular, petitioner contends that his North Carolina conviction for assault by strangulation is not a "crime of violence" for purposes of calculating his base offense level in light of Johnson. Id.

Prior to Johnson, an offense was deemed a "violent felony" under the Armed Career Criminal Act's ("ACCA") so-called "residual clause" if it was punishable by greater than one year's imprisonment and "involve[d] conduct that present[ed] a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). In Johnson, the Supreme Court struck down the residual clause of the ACCA as unconstitutionally vague. 135 S. Ct. at 2563.

2

In this case, petitioner relies on Johnson's reasoning to challenge application of a similar clause found in U.S.S.G. § 4B1.2(a) at the time of his sentencing. See U.S.S.G. § 2K2.1, cmt. n.1 (stating that § 4B1.2(a) provides the definition for "crime of violence" in § 2K2.1). The Supreme Court recently held, however, that the Guidelines are not "amenable to a vagueness challenge." Beckles v. United States, 137 S. Ct. 886, 894 (2017). Thus, petitioner may not rely on Johnson's reasoning to challenge the calculation of his Guidelines imprisonment range.

C.   Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court DENIES petitioner's motion to vacate (DE 57). The court also DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 26th day of May, 2017.

LOUISE W. FLANAGAN
United States District Judge