IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CR-396-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ANDRICK KENTAY JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court for a preliminary examination of the government's motion for revocation of Defendant's supervised release [DE-70] and for a hearing on the government's motion to detain Defendant pending further proceedings if necessary. In support of its motion for revocation, the government introduced the testimony of Rocky Mount Police Officer Stacy Walker. Defendant presented his girlfriend Ms. Temeka Pittman, as a proposed third-party custodian.

The government alleges Defendant has violated supervised release conditions by criminal conduct. Specifically, the government has alleged the following:

> On September 23, 2022, the defendant committed the offenses of felony Possession of a Firearm by a Felon, felony Carrying a Concealed Gun, Driving While Impaired, Possession of Open Container, and Driving While License Revoked – Impaired Revocation in Nash County, North Carolina (22CR302839 and 22CR302855). These matters remain pending in Nash County District Court.

*Id.* at 1.

Officer Walker testified to the events of September 23, 2022, including Defendant's arrest by members of North Carolina law enforcement for the offenses alleged in the motion. During her testimony Officer Walker stated that all charges with the exception of the Driving While Impaired charge had been dismissed in state court. The court finds Officer Walker's testimony to be credible and reliable. Having considered the showing of both parties, the court finds the credible information

presented establishes probable cause to support the government's motion. In addition, having considered the record pursuant to 18 U.S.C. § 3143(a)(1), the court finds Defendant has failed to establish by clear and convincing evidence that he will not pose a danger to the community as required by Fed. R. Crim. P. 32.1(a)(6), based on the following principal findings and reasons: (1) the strength of the government's case and the nature of the alleged violations and (2) Defendant's criminal history. While the court has considered the testimony of Ms. Pittman and finders her to be a credible witness, the court concludes the weight of the evidence supports detention in this case.

Accordingly, Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant shall be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, the 12th day of December 2022.

_____
Robert B. Jones, Jr.,
United States Magistrate Judge